IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID SHIRLEY                                                                                                          PLAINTIFF

v.                              Civil No. 5:22-cv-05148

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas                                                                                          DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and is incarcerated in the Benton County Detention Center.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court with respect to Plaintiff's failure to obey the Orders of the Court.

### I.  DISCUSSION

On July 22, 2022, Pete McCotry, Jr., attempted to file a civil rights action, Civil No 5:22-cv-5118, on behalf of himself, David Shirley, and Cody Gatewood. Because a non-attorney may not represent others, an Order was entered severing the claims of both David Shirley and Cody Gatewood, and separate actions were opened for them. Plaintiff was ordered to file an *in forma pauperis* ("IFP") application by August 11, 2022. (ECF No. 2). Plaintiff was also ordered to file an Amended Complaint by August 10, 2022. (ECF No. 4).

On August 23, 2022, a Show Cause Order was entered due to Plaintiff's failure to file an IFP application and an Amended Complaint. (ECF No. 5). Plaintiff was granted until September

1

13, 2022, to show cause for his failure to comply with the Court's Orders (ECF Nos. 2 & 4).

To date, Plaintiff has not filed an IFP application, an Amended Complaint, or a response to the Show Cause Order.  Plaintiff has not sought an extension of time to comply with the Orders (ECF Nos. 2 & 4).  Plaintiff has not communicated with the Court in anyway.  No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

DATED this 20th day of September 2022.

_Christy Comstock_
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE